**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Ronald Nester, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   10 C 1144 |
| | ) | |
| Portfolio Recovery Associates, LLC, a | ) | |
| Delaware limited liability company, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

### COMPLAINT

Plaintiff, Ronald Nester, Jr., brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3.      Plaintiff, Ronald Nester, Jr. ("Nester"), is a citizen of the State of Mississippi, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a GE Money Bank/Lowes credit card, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, Portfolio Recovery Associates, LLC ("PRA"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  In fact, PRA was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant PRA is a bad debt buyer, which specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then attempts to collect.  Defendant PRA buys debts on a nationwide basis and attempts to collect debts from consumers throughout the United States, including from thousands of consumers in Illinois.

6.      Defendant PRA is licensed to do business in the State of Illinois and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, Defendant PRA conducts extensive and substantial business in Illinois and has a call center in Chicago, Illinois, from which it contacted Ms. Nester.

7.      Defendant PRA is licensed as a debt collection agency in the State of Illinois. See, record from the Illinois Division of Professional Regulation attached as  Exhibit B.  In fact, Defendant PRA acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

8.      Mr. Nester is a disabled man with limited assets and income, who fell behind on paying his bills.  At some point in time, Defendant PRA bought Mr. Nester's GE Money Bank/Lowes credit card debt after he defaulted on it, and when PRA began trying to collect this debt from Mr. Nester, he sought the assistance of legal aid

attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial

difficulties and Defendant PRA's collection actions.

9.      On January 5, 2010, one of Mr. Nester's attorneys at LASPD informed

PRA, in writing, that Mr. Nester was represented by counsel, and directed PRA to cease

contacting him, and to cease all further collection activities because Mr. Nester was

forced, by his financial circumstances, to refuse to pay his unsecured debt.  Copies of

this letter and fax confirmation are attached as Exhibit C.

10.     Nonetheless, Defendant PRA called Mr. Nester from its call center in

Chicago, Illinois (847-678-9710), several times thereafter to demand that he pay the GE

Money Bank/Lowes credit card debt, including a telephone call on February 11, 2010.

11.     Accordingly, on February 16, 2010, Mr. Nester's LASPD attorney had to

send Defendant PRA another letter, directing it to cease communications and to cease

collections.  Copies of this letter and fax confirmation are attached as Exhibit D.

12.     All of Defendant PRA's collection actions complained of herein occurred

within one year of the date of this Complaint.

13.     Defendant's collection communications are to be interpreted under the

"unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership,

27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Collections And Cease Collections**

14.     Plaintiff adopts and realleges ¶¶ 1-13.

15.     Section 1692c(c) of the FDCPA prohibits a debt collector from

communicating with a consumer after a direction to cease communications, and from

continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

16.     Here, the letter from Mr. Nester's agent, LASPD, told Defendant PRA to cease communications and to cease collections (Exhibit C).  By continuing to communicate regarding this debt and demanding payment, Defendant PRA violated § 1692c(c) of the FDCPA.

17.     Defendant PRA's violation of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

18.     Plaintiff adopts and realleges ¶¶ 1-13.

19.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows that the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

20.     Defendant PRA knew that Mr. Nester was represented by counsel in connection with his debt because his attorneys at LASPD had informed Defendant, in writing, that he was represented by counsel, and had directed Defendant to cease directly communicating with Mr. Nester (Exhibit C).  By directly calling Mr. Nester, despite being advised that he was represented by counsel, Defendant PRA violated § 1692c (a)(2) of the FDCPA.

21.     Defendant PRA's violation of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Ronald Nester, Jr., prays that this Court:

1.     Find that Defendant PRA's debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Nester, and against Defendant PRA, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Ronald Nester, Jr., demands trial by jury.

Ronald Nester, Jr.,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  February 19, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com